Argued April 23, decided May 20, 1913.

## FRERES *v.* STAYTON WOOLEN MILLS CO.

(132 Pac. 533.)

**Reformation of Instruments—Evidence—Sufficiency.**
    In a suit to reform a mortgage so as to include in the description certain omitted property, evidence *held* that the mortgage was intended to include a one-third interest of the mortgagor in a power company, that was not embraced in the instrument.

    [As to reformation of mortgages and grounds therefor, see note in 65 Am. St. Rep. 617.]

From Marion: WILLIAM GALLOWAY, Judge.

Statement by MR. JUSTICE EAKIN.

This is a suit by P. C. Freres, trustee, against the Stayton Woolen Mills Company, a corporation, A. D. Gardner, L. S. Lambert, Frank Siegmund, the Crompton & Knowles Loom Works, a corporation, and E. D. Philippi. The facts are as follows:

The Stayton Woolen Mills, hereafter referred to as the "S. W. Mills," was incorporated April 29, 1905,

under that name, for the purpose of building and operating a woolen-mill at the town of Stayton.   At first it purchased power from the Salem Water Company. Soon thereafter Philippi, Gardner, and Brown incorporated the Stayton Water Power Company, hereafter referred to as the "Power Company."   Each subscribed to one third of the stock, namely, 15 shares of the par value of $100 each.   A ditch was constructed from the Santiam river to the vicinity of the S. W. Mills, to supply power to the flouring-mill, sawmill, and the S. W. Mills.   The latter did not prosper, and some changes in its affairs occasioned a reincorporation on February 8, 1907, under the name of the Stayton Woolen Mills Company, hereafter referred to as the "Mill Company."   Thereafter, on June 27, 1907, the Mill Company, needing money, induced 16 citizens of Stayton and vicinity, some of them stockholders and some not, each to loan the Mill Company $500, as security for the repayment of which the Mill Company executed to them a mortgage.   The notes given for such loans were not paid, and some of them, together with the mortgage, were assigned to plaintiff, as trustee, who brings this suit, alleging that part of the property intended to be included in the mortgage was omitted therefrom by mistake.   Plaintiff asks to have the mortgage reformed so as to include the property omitted, and to have the same foreclosed.   It is alleged that it was agreed and understood between the mortgagee and the mortgagor that the mortgage should include, with other property, a one-third interest in the ditch and water power of the Power Company.   Gardner, Siegmund and Lambert, three of the mortgagees, were made parties defendant with the Mill Company; and E. D. Philippi was made defendant at his own request. The Mill Company does not resist the reformation of the mortgage as prayed.   Gardner answers admitting

all the allegations of the complaint, except that he denies that the mortgage was intended to and should include a one-third interest in the Power Company. E. D. Philippi answers denying that a one-third interest in the Power Company was intended to be, or should have been, included in the mortgage, and alleging that the Mill Company at no time had any interest in the Power Company, but that he, as the successor in interest of S. Philippi, is the owner of said one-third interest. On the trial the court rendered a decree for plaintiff, and defendant Philippi appeals.

AFFIRMED.

For appellant, E. D. Philippi, there was a brief and an oral argument by *Mr. George G. Bingham.*

For respondent, P. C. Freres, there was a brief and an oral argument by *Mr. Carey F. Martin.*

For respondent, the Stayton Woolen Mills Company, there was a brief and an oral argument by *Mr. Charles L. McNary.*

MR. JUSTICE EAKIN delivered the opinion of the court.

Much of the evidence is directed to the question of the ownership of the stock in the Power Company. Plaintiff contends that, when the Power Company was organized and the ditch constructed, S. Philippi was the president and principal owner and stockholder in the S. W. Mills, and sought to acquire the water power to the extent of a one-third interest therein for the sole benefit of the S. W. Mills; that the money he (Philippi) advanced to the Power Company was the money of the S. W. Mills; and that although the stock was issued in Philippi's name, it was, in fact, the property of the S. W. Mills. But that issue is not before us for trial.

The evidence relating thereto is only pertinent in this case in so far as it bears upon the question of the purpose and intent of the parties to include in the mortgage the one-third interest in the Power Company. Lambert, Freres and Gardner, who seem to have been the active agencies in securing the loans to the Mill Company, understood that the Mill Company owned the interest in the Power Company represented by S. Philippi, and thus represented it to the persons loaning the money.

Mr. Lambert, in discussing the financial condition of the Mill Company with Gardner, testified that Gardner said that he and Brown had advanced money to pay the Woolen Mill's part of the expenses in the Power Company, and that they (the Mill Company) could secure that by reimbursing him and Brown for the money they had advanced. In answer to the question as to what Gardner and Freres said about the Power Company, Lambert replied: ''Mr. Gardner said he and Mr. Brown had advanced money to pay expenses of the Woolen Mill, their dam went out, and the like of that; he and Brown had advanced money to pay for the work. He said, 'There was a balance due from the Stayton Woolen Mill Company of so much, and if we could make that money go to them, then we could have that one-third interest.' That was the plan we had taken it up on.'' Lambert further stated: ''Well, that question was asked by myself if the one-third interest of the water power belonged to the Woolen Mill. I told him (Freres) I wanted to know definitely before I ever started out to raise any money. Because I had talked to three or four different parties in regard to that; they told me they would not invest one cent in it unless that one-third interest was included in it. Mr. Freres told us right in the presence of Mr. Gardner that we got a one-third interest in the ditch.'' In an-

swer to a question in regard to the owning of stock in either corporation, Lambert said: "No, I owned the mortgage. I would state when I secured that mortgage, Mr. Freres and Mr. Gardner both told me, 'that the mortgage would cover a one-third interest,' this mortgage that is being attempted to be foreclosed at the present time." Gardner denies these conversations, or, rather, these statements attributed to him; but Mr. Lambert is corroborated by Mr. Freres, who said: "Mr. Gardner, I also had a conversation with him at his office and questioned him about the water right. He said one-third interest was intended for the Woolen Mill; they didn't come through; they didn't pay up. One time he told me whenever they paid up they could have it. * * Mr. Gardner said, 'It was intended that the mill whenever they paid up the water right was theirs.' " Mr. Streff, secretary of the Mill Company, said that they understood that the mortgage was to cover all the company's property, and that the Mill Company owned an interest in the Power Company. At the time of the execution of the mortgage, Freres, a director of the Mill Company, and Streff, the secretary, both understood and intended that the mortgage should include the one-third interest in the Power Company. Although Gardner, the president of the Mill Company, now denies such intent, yet the testimony of Lambert and Freres is convincing that such was the intention, even in Gardner's mind, at the time of the execution of the mortgage.

In *Smith* v. *Interior Warehouse Co.,* 51 Or. 578, at page 581 (94 Pac. 508, at page 509), it is said:

"There can be no dispute as to the law that equity will entertain jurisdiction to reform a contract on the ground of mistake; but, to entitle plaintiff to such relief, the mistake must be shown by satisfactory proof, and that it was mutual."

There is conflict in the evidence in this case, but it relates principally to the question of whether the Mill Company owns an interest in the Power Company. It is clear and convincing that it was the intention to include in the mortgage the one-third interest in the Power Company. The conclusion is inevitable that the parties loaning the money understood and intended that the interest in the Power Company was part of their security, and that the Mill Company understood and intended that the mortgage should include the interest in the Power Company. Plaintiff was entitled to have the mortgage reformed accordingly.

The decree is affirmed.                    AFFIRMED.